Honorable Hal H. Hood Firemen's Pension Commissioner 503-F Sam Houston State Office Bldg. Austin, Texas 78701
Re: Whether or not income from invested funds of the pension fund under article 6243e.3 may be used to pay for the cost of an actuarial study.
Dear Mr. Hood:
You have requested our opinion as to whether income derived from the Fire Fighters' Relief and Retirement Fund may be used to finance a biennial actuarial study required by statute.
Article 6243e.3, V.T.C.S., enacted in 1977, created, on behalf of volunteer firemen, a statewide Fire Fighters' Relief and Retirement Fund, to be administered by the Firemen's Pension Commissioner and a six-member state board of trustees. Section 18-21. Section 24 provides:
 The commissioner and state board of trustees shall certify the actuarial and financial soundness of the fund every two years. The state board shall employ a qualified actuary and a certified public accountant to assist in the required certification.
You explain that the 1979 session of the legislature failed to make a separate appropriation for the purpose of financing this actuarial study. You ask whether income derived from the Fund may be expended for this purpose.
Section 14(e) of the statute provides:
 No portion of the corpus or income of the fund may be used for purposes other than the benefit of member fire fighters and their beneficiaries.
In our opinion, the state board of trustees should determine whether the actuarial study will accrue to the `benefit of member fire fighters and their beneficiaries.' The state board is empowered to `establish rules and regulations necessary for the administration of the fund.' Section 21(b). See Attorney General Opinions H-1093 (1977); H-896 (1976). In this case, the board is directed by the legislature to `employ a qualified actuary and a certified public accountant to assist in the required certification.' Sec. 24. If the board reasonably concludes that the use of income from the Fund to finance the actuarial study would be of benefit to member fire fighters and their beneficiaries, it may expend a portion of that income for such purpose. See Attorney General Opinion H-1152 (1978).
 SUMMARY
If the state board of trustees of the Fire Fighters' Relief and Retirement Fund determines that the use of income from the Fund to finance a statutorily required actuarial study would be of benefit to member fire fighters and their beneficiaries, it may expend a portion of that income for such purpose.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Les King and Rick Gilpin Assistant Attorneys General